IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAJID DESHIELDS, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 3:CV-05-1266 |
| JOE SMITH, WARDEN, | : | (Judge Conaboy) |
| Respondent | : | |

**MEMORANDUM AND ORDER**

**Background**

Wajid Deshields, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se petition pursuant to 28 U.S.C. § 2241 and § 1651. The required filing fee has been paid. Named as Respondent is USP-Lewisburg Warden Joe Smith.

Petitioner states that he was convicted of possession of drugs with intent to deliver (2 counts); being a person unable to own a firearm, and altering or obliterating marks of identification on a firearm following a bench trial in the York County, Pennsylvania Court of Common Pleas. He was sentenced on September 18, 2000 to an aggregate four (4) to eight (8) year term of incarceration.

While serving his state sentence, Petitioner was the subject

of a criminal indictment in the United States District Court for the Middle District of Pennsylvania. Deshields subsequently pled guilty to a charge of possession of a firearm in a drug trafficking crime. See 18 U.S.C. § 924(c)(1). On October 12, 2001, Petitioner was sentenced by Judge Kane of this Court to a sixty (60) month term of incarceration to run consecutively to the previously imposed Pennsylvania state sentence.

Petitioner acknowledges that he previously challenged his conviction via a petition under 28 U.S.C. § 2255. His § 2255 action asserted that his federal conviction constituted a violation of the Fifth Amendment's prohibition against double jeopardy. The sentencing court denied Deshields' § 2255 petition by Order dated December 2, 2002. An appeal from that descion was not pursued.

In his present action, Deshields asserts his federal conviction violated his due process rights under the Fifth and Sixth Amendments. Specifically, his petition contends that "his guilty plea was not knowing and intelligent because he was never informed by the district court or his counsel as to the nature of the charged crime."[1] Doc. 1, p. 5. He further claims that

---

[1] Petitioner asserts that the district court did not inquire as to whether he understood the nature of the charge and "did not itself explain the elements of Section 924(c)(1), nor did it read the indictment to him." Id. at p. 6. He adds that his defense

(continued...)

because his federal indictment arose from the same episode as his state conviction the federal prosecution should have been declined pursuant to the Department of Justice's "Petite Policy." Id. at p. 14.

Petitioner adds that he has no other available procedure by which to challenge the constitutionality of his conviction. See id. at p. 9. Deshields concludes by arguing that if he is ineligible for relief under § 2241 then he should be granted a writ of error coram nobis.

## Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

---

[1](...continued)
counsel never explained the charge to him.

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

**Habeas Corpus**

The usual avenue for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is a § 2255 motion in the sentencing court. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an

additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)), cert. denied, 122 S.Ct. 1951 (2002).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (citing United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (same). As noted by the Court of Appeals for the Fifth Circuit, a petitioner has the burden to prove that the remedy afforded by § 2255 is inadequate or ineffective. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Satisfaction of this burden cannot be accomplished by showing that a prior § 2255 motion has been denied. In re

Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). Deshields acknowledges that he previously filed an unsuccessful § 2255 petition. However, to allow the Petitioner to file a habeas petition merely because he filed a prior unsuccessful § 2255 action would obliterate congressional attempts to promote finality in federal criminal cases.

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a § 2255 remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. “To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction.” Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only “inadequate and ineffective” (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the

denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Deshields does not assert that his present action is based on either any newly discovered evidence or a new rule of law made retroactive to cases on collateral review. Unlike Dorsainvil, Petitioner's present claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction.[2] Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged. In this case, Deshields has failed to present any facts suggesting that he was not involved in the alleged underlying criminal activity.

Based on the foregoing analysis, the fact that Deshields

---

[2] In Tyler v. Cain, 533 U.S. 656, 663 (2001), the United States Supreme Court established that a new rule of law cannot be retroactively applied to cases on collateral review unless the Court itself holds it to be retroactive.

previously filed an unsuccessful § 2255 action does not allow him to assert his present claims in a § 2241 petition. Therefore, an application to the Third Circuit Court of Appeals to file a second or successive § 2255 motion is the only vehicle available to Petitioner.

**Coram Nobis**

As noted above, Deshields alternatively seeks relief via a writ of error coram nobis. "Coram nobis is an extraordinary remedy traditionally used to attack convictions with continuing consequences when the petitioner is no longer 'in custody' for § 2255 purposes." United States v. Dent, 2005 WL 1414383 *2 (3d Cir. June 17, 2005).

The United States Court of Appeals for the Third Circuit has similarly held that coram nobis relief is not available when a petitioner is in custody and also may not be employed to circumvent the gatekeeping requirements of § 2255. United States v. Baptise, 223 F.3d 188, 189-90 (3d Cir. 2000). Since Deshields is presently serving his federal sentence, he is clearly in custody and thus, ineligible for coram nobis relief.

**Conclusion**

Pursuant to the above discussion, the Petitioner may not assert his present claims under § 2241 or via a petition for writ of error coram nobis. Accordingly, the petition will be

dismissed without prejudice. Deshields, if he so chooses, may reassert any of his present claims by filing an application for leave to file a second or successive § 2255 petition. An appropriate Order will enter.

AND NOW, THIS 11th DAY OF JULY, 2005, for the reasons set forth in the foregoing Memorandum, it is hereby Ordered that:

1. The petition for a writ of habeas corpus is dismissed without prejudice.
2. The Clerk of Court is directed to close the case.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge